**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**
-----------------------------------X
SABINE R. NOVAK,                    :
                                    :
        Plaintiff,          :
                                    :   **No. 3: 02 CV 1508(GLG)**
    -against-                  :
                                    :
RITE AID OF CONNECTICUT, INC.,      :   **READY TRIAL ORDER FOR**
                                    :         **JURY CASES**
        Defendant.          :
-----------------------------------X

    This action has been marked ready for trial and placed on the Jury Trial Calendar of this Court for **May 2004**. Jury Selection will take place at **9:00 a.m. on Monday, May 10, 2004**, at the United States Courthouse, 14 Cottage Place, Waterbury, CT 06702. The date on which trial is expected to begin will be set at Jury Selection. Counsel should be prepared to commence trial immediately following Jury Selection.

    Settlements in cases set for trial must be reported to Chambers as early as possible. In any settled case in which a dismissal has not been filed with the Court prior to Jury Selection, Counsel for all parties must appear at Jury Selection to place the settlement on the record.

    A Trial Memorandum which complies with the District's Standing Order Regarding Trial Memoranda in Civil Cases must be filed with the Court and one copy submitted to Chambers no later than **one week** before Jury Selection. No exceptions to this rule will be made. The Trial Memorandum should be prepared and submitted jointly, if possible. Counsel are also encouraged to submit a proposed verdict form as part of their Trial Memorandum. Although not required, it is appreciated if a computer disk with the proposed requests to charge and verdict forms in WordPerfect format is submitted to Chambers prior to the commencement of trial.

    If no pretrial order has been prepared, Counsel should exchange names of experts, with their qualifications and a summary of their opinions, a week in advance of jury selection. (This requirement does not excuse the failure to make, or extend the time for, discovery responses concerning experts and opinions.) One court day before trial, Counsel for all parties should meet to pre-mark all exhibits. Plaintiff's exhibits should be marked numerically beginning with "1," and defendant's exhibits should be marked alphabetically beginning with "A."

Stipulations narrowing issues or proof should also be submitted at that time.

Motions in limine concerning evidentiary matters are not encouraged. The trial memoranda should discuss anticipated evidentiary problems. If a motion in limine is necessary, it must be filed at least one week prior to jury selection, so as to allow the opposing party an opportunity to respond.

Counsel are expected to cooperate with each other in the scheduling and production of witnesses. Witnesses may be taken out of order where necessary. Every effort should be made to avoid calling a witness twice (as an adverse witness and later as a party's witness). A sufficient number of witnesses should be available in Court to testify so that a party does not run out of witnesses. Running out of witnesses may be taken by the Court as resting your case.

**SO ORDERED.**

**Dated: April 8, 2004**                                    /s/
      **Waterbury, CT**                         GERARD L. GOETTEL
                                                                U.S.D.J.

<u>NOTICE CONCERNING IMPENDING CIVIL JURY TRIAL</u>

All requests to charge must be submitted with the Trial Memorandum.  However, if necessary to conform to the evidence and the Court's rulings during trial, these may be supplemented during the trial. Only instructions dealing with the substantive issues in the case need be presented.  The Court's standard introductory and concluding instructions may be obtained from the law clerks.  Instructions should be drafted specifically to take into account the facts and issues of the particular case, and in plain language; do not submit copies from form books.

In accordance with the Local Rules of this District, if Counsel wish to present Opening Statements, they must notify the Court and opposing Counsel prior to the commencement of the trial.  During trial, bench conferences should be minimized. Counsel should raise anticipated problems at the start or the end of the trial day, or during a recess.  In closing arguments, Counsel should not express their personal opinions or ask jurors to place themselves in the position of a party, or to consider possible consequences of the litigation beyond the evidence presented.

The jury will be selected by the "Struck Jury" system. Sufficient jurors will be seated to accommodate the maximum number of peremptory challenges allowed.  Jurors excused for cause or by consent will be replaced.  All parties will exercise all of their peremptory challenges simultaneously.

                                        GERARD L. GOETTEL
                                        U.S.D.J.