**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

|  |  |
|---|---|
| SABINE R. NOVAK, :<br>　　　Plaintiff :<br> :<br>VS. :<br> :<br>RITE AID OF CONNECTICUT, INC., :<br>　　　Defendant. :<br> : | CIVIL ACTION<br><br>CASE NO. 3:02CV-1508 (MRK)<br><br>NEW HAVEN, CT<br><br>SEPTEMBER 10, 2004 |

**JOINT TRIAL MEMORANDUM**

I.　**TRIAL COUNSEL**

　　Counsel for the plaintiff:

　　Rachel M. Baird
　　Law Office of Rachel M. Baird
　　Stonegate Professional Bldg.
　　379 Prospect Street
　　Torrington, CT  06790-5239
　　Tel: 860.626.9991
　　Fax: 860.626.9992
　　bairdlawoffice@aol.com

　　Counsel for the defendant:

　　Michael D. O'Connell
　　O'Connell, Flaherty & Attmore
　　280 Trumbull Street
　　23rd Floor
　　Hartford, CT  06103
　　Tel: 860.548.1300
　　Fax: 860.548.0023
　　moconnell@ofalaw.com

II.　**JURISDICTION**

　　The Court has jurisdiction pursuant to 28 U.S.C. § 1331 (federal question).

III.　**JURY / NON-JURY**

　　This case will be tried to a jury.

IV.     **LENGTH OF TRIAL**

The parties estimate that the trial of this matter will take approximately four days.

V.      **FURTHER PROCEEDINGS**

The parties do not anticipate requiring further proceedings prior to trial.

VI.     **NATURE OF CASE**

   A.    **Plaintiff**


   B.    **Defendant**

         The plaintiff is a former employee of the defendant, Rite Aid of Connecticut, Inc. ("Rite Aid"). She had been working as a salaried Assistant Manager in the Torrington, Connecticut store when she took a maternity leave of absence in January of 2001. The plaintiff alleges that Rite Aid violated the plaintiff's rights under the Family and Medical Leave Act (FMLA) by failing to restore her to an equivalent position upon her return from maternity leave. The plaintiff also claims that this alleged conduct violated Title VII, 42 U.S.C. § 1981, and the Connecticut Fair Employment Practices Act (CFEPA), in that it evidenced Rite Aid's intent to discriminate against the plaintiff based on both her race (African American) and pregnancy. Plaintiff's claims under Title VII, § 1981, and the CFEPA include allegations that Rite Aid retaliated against her when she filed a complaint with the Connecticut Commission on Human Rights and Opportunities (CHRO), and that she was constructively discharged because a severe reduction in hours forced her to resign.

Rite Aid contends that it complied with the FMLA when, upon Plaintiff's return from leave, it offered her an equivalent position as an Assistant Manager in the Waterbury, Connecticut store, with equivalent benefits, salary, and duties. Defendant maintains that the plaintiff declined this offer, and instead accepted an alternative position as an hourly employee. In addition to Rite Aid's general denial that it violated the FMLA, in the event that the finder of fact determines that Plaintiff was not offered an equivalent position, the defendant will raise an affirmative defense, asserting that it would have made the same employment decisions with regard to Plaintiff, regardless of her maternity leave. Defendant denies Plaintiff's claims of race and sex discrimination, arguing that its offer of two transfer options reflected nondiscriminatory business judgment based on the company's needs, and not the plaintiff's race or sex. Rite Aid denies that it retaliated against Plaintiff, and denies her allegations of constructive discharge.

VII.     **TRIAL BY MAGISTRATE JUDGE**

The parties do not agree to a trial by a Magistrate Judge.

VIII.    **EVIDENCE**

   A.    **Witnesses**

         1.    **Plaintiff's Witnesses**

               a.    **Sabine R. Novak**
                     **184 Harwinton Ave**
                     **Torrington CT 06790**
                     **Anticipated Duration of Direct Examination: 3 hours**

Plaintiff Sabine R. Novak will testify regarding the allegations contained in the Amended Complaint, including, the terms and conditions of her employment through January 23, 2001, and following her return to work on April 2, 2001. This testimony will include Plaintiff's contacts with her supervisor, Donna Sherman, and her district manager, James Zasso, regarding Plaintiff's return from her leave of absence. Plaintiff will testify regarding the staffing of the Torrington Rite Aid prior to her leave of absence and after she returned to work on April 2, 2001. Plaintiff will testify regarding damages related to her claims for back pay and front pay, mental anguish and other personal injuries, including, emotional pain suffering, inconvenience, loss of enjoyment of life, and other nonpecuniary losses.

      b.    **Margaret Henebery**
            **47 Chestnut St**
            **Dover NH 03820**
            **Anticipated Duration of Direct Examination:  2 hours**

Margaret Henebery will testify (1) regarding the emails she forwarded and received regarding Plaintiff's complaints about the terms and conditions of her employment following April 2, 2001; and (2) an incident report form dated May 5, 2001, and any action taken; (3) policies and procedures for transferring Rite Aid personnel, for associates, for travel and mileage reimbursement, email policies.

      c.    **Stephen Beecher**
            **361 Main St**
            **Manchester CT 06040**
            **Anticipated Duration of Direct Examination:  45 minutes**

Stephen Beecher will testify regarding (1) his supervision of the Torrington, Litchfield, and Waterbury (#4556) Rite Aid stores while district manager; (2) his supervision of Sabine Novak, Donna Sherman, and Scott Gordon prior to April 2, 2001; (3) letters of reference that he wrote on behalf of Sabine Novak; (4) Tullio Vedovelli transfer to the Torrington Rite Aid; (5) the terms and conditions of Plaintiff's employment prior to Plaintiff's leave of absence.

    d.    **James Zasso**
           **47 Chestnut St**
           **Dover NH 03820**
           **Anticipated Duration of Direct Examination:  4 hours**

James Zasso will testify regarding (1) his employment history with Rite Aid; (2) his transfer to the district manager position for the area including the Torrington and Litchfield Rites Aids; (3) his reasons for asking Scott Gordon to compile a report in July of 2001 regarding Plaintiff's performance; (4) his July of 2001 email and the identity and current employment for "every other associate including the manager" who was going to quit if Plaintiff returned to the store; (5) his reasons for not allowing Plaintiff to return to her previous position at the Torrington Rite Aid; (6) his knowledge regarding the closure of store # 4556 in Waterbury; (6) the Rite Aid policy or policies under which he purportedly offered Plaintiff $25.00 in commuting expenses per two weeks; (7) the additional commuting distance to Waterbury for Plaintiff round trip and his method of calculating $25.00 per two weeks; (8) why there was confusion with Plaintiff's pay status when she returned to work; (9) why he never informed

Margaret Henebery or other human resources personnel of his alleged decision to offer Plaintiff a position in Waterbury or Litchfield and did not place the offer in writing when he was concerned about Plaintiff filing a claim as stated in his July 11, 2001, email to Kristie Richards; (10) why a contemporaneous email dated March 21, 2001, regarding the alleged content of his conversation on March 21, 2001, with Plaintiff does not exist; (11) why the email regarding his contact with Plaintiff on March 21, 2001, does not contain any notation regarding Plaintiff's response to the offer.

  e. **Tullio Vedovelli**
    **11 Marion Ave**
    **Torrington CT 06790**
    **Anticipated Duration of Direct Examination: 30 minutes**

Tullio Vedovelli will testify regarding (1) his employment with Rite Aid and transfer to the Assistant manager position at the Torrington Rite Aid; (2) his knowledge of the terms and conditions of Plaintiff's employment with Rite Aid prior to January 23, 2001; (3) any contacts between district manager James Zasso and Plaintiff in March or April of 2001, regarding Plaintiff's return to work at Rite Aid.

  f. **Andrew Szczepanski, M.D.**
    **115 Spencer St**
    **Winsted CT 06098**
    **Anticipated Duration of Direct Examination: 30 minutes**

Dr. Szczepanski will testify regarding his treatment of Plaintiff for depression.

    g.  **Kristie Richards**
      **30 Hunter Lane**
      **Camp Hill PA 17011**
      **Anticipated Duration of Direct Examination: 30 minutes**

Kristie Richard's will testify regarding (1) the basis for her suspicion that Plaintiff took her personnel file; (2) the reasons why it was important in July of 2001 to find any past incident reports regarding Plaintiff; (3) why she asked James Zasso to clarify the reason for Plaintiff's replacement at the Torrington store in her July 11, 2001, email; (4) the nature of her conversation with Stephen Beecher regarding Plaintiff.

  2.  **Defendant's Objections**

    (a)  The Defendant will object to certain areas of the Plaintiff's anticipated testimony. Please refer to the Defendant's motion in limine, attached hereto.

    (b)  The Defendant objects to Plaintiff's calling Ms. Richards and Mr. Beecher. Neither of these witnesses are officers of the defendant company. The court lacks jurisdiction over these witnesses, as they are located over 100 miles from the court.

    (c)  The Defendant objects to the testimony of Dr. Szczepanski. Plaintiff did not disclose Dr. Szczepanski as an expert witness, as required by Rule 26(a)(2). Although Plaintiff claims that this witness is not an "expert," she intends to elicit testimony from him pertaining to his diagnosis of Plaintiff's depression, and his opinion that it resulted from her employment termination. Plaintiff has not established any foundation that this witness is qualified to (1) make such a diagnosis and (2) opine on such a causal connection. If Plaintiff

intends only to elicit testimony that Dr. Szczepanski "treated" Plaintiff, Defendant contends that Ms. Novak can testify to this fact. Defendant will object, however, to any testimony from Ms. Novak that she suffered from clinical depression. Defendant will also object to the admission of any medical records prepared by Dr. Szczepanski.

    3.    **Defendant's Witnesses**

        a.    **James Zasso**
                **District Manager**
                **Rite Aid Corporation**
                **Regional Office**
                **47 Chestnut Street**
                **Dover, NH  03828**

Mr. Zasso will testify about his conversations with Ms. Novak, including their discussions about her return to work at the conclusion of her maternity leave, and his documentation of those discussions. Mr. Zasso will also provide testimony regarding Rite Aid's employee transfer policies, disability leave policies, and the business judgments that influenced his decision to transfer Ms. Novak as well as other employees. Mr. Zasso will also testify regarding Rite Aid's hiring and employment of minorities.

The direct examination of Mr. Zasso will take approximately 45 minutes. He is a witness who is likely to testify.

        b.    **Tullio Vedovelli**
                **11 Marion Avenue**
                **Unit 5**
                **Torrington, CT  06790**

Mr. Vedovelli was employed as an assistant manager in the Torrington store when Ms. Novak returned from her maternity leave. He is expected to testify that he witnessed a telephone conversation between Mr. Zasso and Ms. Novak approximately two weeks before she returned to work, during which Mr. Zasso offered Ms. Novak a choice between two positions, one of which was an assistant manager's position. Mr. Vedovelli is further expected to testify that this telephone conversation took place in the office of the Torrington store, where he heard Mr. Zasso's end of the conversation, and where he witnessed Mr. Zasso memorialize the conversation in the form of an email generated on Mr. Vedovelli's computer. He will also provide testimony regarding Rite Aid's employee transfer policies and practices, as well as the company's hiring and employment of minorities.

The direct examination of Mr. Vedovelli will take approximately 45 minutes. He is a witness who is likely to testify.

    c.    **Donna Sherman**
          **Rite Aid of Connecticut, Inc.**
          **52 East Street**
          **Plainville, CT  06062**

Donna Sherman was Ms. Novak's direct supervisor prior to the start of her maternity leave. The defendant anticipates that Ms. Sherman will testify about Rite Aid's policies and practices regarding employee transfers and leaves of absence. Ms. Sherman will also testify regarding Rite Aid's hiring practices and employment of minorities, and Ms. Novak's performance while working under Ms. Sherman's supervision. If

necessary, Ms. Sherman will provide rebuttal testimony pertaining to Ms. Novak's specific allegations against her.

The direct examination of Ms. Sherman will take approximately 30 minutes. She is a witness who is likely to testify.

       d.     **Margaret Henebery**
              **Rite Aid of Connecticut, Inc.**
              **141 Meriden Road**
              **Waterbury, CT  06705**

Margaret Henebery was a Manager of Human Resources at Rite Aid when Ms. Novak returned to work in April of 2001. She is expected to testify about Rite Aid's policies and practices pertaining to leaves of absence, the hiring and employment of minorities, and employee transfers. She will testify that she spoke to Ms. Novak about her transfer, explained the changes in her benefits and compensation, and memorialized their conversation in a written report. She is also expected to provide testimony pertaining to Ms. Novak's personnel and payroll records.

The direct examination of Ms. Henebery will take approximately 40 minutes. She is a witness who is likely to testify.

       e.     **Brett Feeney**
              **Rite Aid Corporation**
              **Regional Office**
              **47 Chestnut Street**
              **Dover, NH  03820**

Brett Feeney is a human resources manager at Rite Aid, and was working in that capacity when Sabine Novak was out on maternity leave. Mr. Feeney is expected to testify that he is familiar with the requirements of the FMLA, and that in his role as human resources manager, he often advises employees on FMLA policies and administers FMLA leaves of absence. He is further expected to testify that Jim Zasso confirmed with Mr. Feeney that the company would be in compliance with the FMLA if he offered Ms. Novak an equivalent assistant manager's position in Waterbury. The Defendant anticipates that Mr. Feeney will testify that he advised Mr. Zasso that such an offer would, in fact, comply with the FMLA.

The direct examination of Mr. Feeney will take approximately 30 minutes. He is a witness who is likely to testify.

  f.  **Scott Gordon**
     **246 Upper Valley Road**
     **Torrington, CT  06790**

Scott Gordon was Ms. Novak's direct supervisor from April of 2001 through the date of her resignation in September, 2001. Mr. Gordon is expected to testify about Ms. Novak's employment schedule and performance after her return from maternity leave, and the circumstances surrounding her resignation. He is also expected to provide testimony regarding Rite Aid's policies and practices pertaining to employee transfers, and the company's hiring and employment of minorities. If necessary, Mr.

Gordon will provide rebuttal testimony pertaining to Ms. Novak's specific allegations against him.

The direct examination of Mr. Gordon will take approximately 30 minutes. He is a witness who will be called only if the need arises.

    4.    <u>Plaintiff's Objections</u>

**B.**    **<u>Exhibits</u>**

    1.    <u>Plaintiff's Exhibits</u>

        a.    <u>Plaintiff's Exhibit 1-2</u>:  Defendant's Answer to Plaintiff's Complaint to the Commission on Human Rights and Opportunities. (2 pgs)

        b.    <u>Plaintiff's Exhibit 3-4</u>:  SYSM written by Plaintiff on April 26. 2001, regarding her Assistant Manager position. (2 pgs.)

        c.    <u>Plaintiff's Exhibit 5</u>:  SYSM written by Michelle Ferrence dated April 11, 2001, regarding payroll problem with Plaintiff's pay.  (1 pg.)

        d.    <u>Plaintiff's Exhibit 6</u>:  Letter from Defendant to Plaintiff dated January 16, 2001, regarding Plaintiff's medical leave of absence from January 23, 2001, through February 5, 2001)  (1 pg.)

        e.    <u>Plaintiff's Exhibit 7</u>:  Letter from Defendant to Plaintiff dated January 15, 2001, regarding Plaintiff's medical leave of absence from January 23, 2001, through February 5, 2001)  (1 pg.)

        f.    <u>Plaintiff's Exhibit 8</u>:  Store Work Schedule for Torrington Rite Aid for week of August 13, 2000 through August 19, 2000.  (1 pg.)

        g.    <u>Plaintiff's Exhibit 9</u>:  SYSM from Plaintiff dated July 9, 2001, regarding vacation and personal days.  (1 pg.)

    h.    <u>Plaintiff's Exhibit 10:</u>  Letter from Defendant to Plaintiff dated August 25, 2000, approving Plaintiff's medical leave of absence for February 5, 2001, through March 19, 2001. (1 pg.)

    i.    <u>Plaintiff's Exhibit 11:</u>  Defendant's documents entitled, "A Note for Ladies on Maternity Leave." (1 pg.)

    j.    <u>Plaintiff's Exhibit 12-13:</u>  Defendant's document entitled "East Coast Procedures, Medical Leave of Absence." (2 pgs.)

    k.    <u>Plaintiff's Exhibit 14:</u>  Defendant's Memorandum to all employees regarding "Leave of Absence." (1 pg.)

    l.    <u>Plaintiff's Exhibit 15:</u>  Plaintiff's Disability Benefit Claim dated July 11, 2000 with Physician's Statement dated July 28, 2000. (1 pg.)

    m.    <u>Plaintiff's Exhibit 16:</u>  Plaintiff's Health Care Provider Statement dated July 28, 2000. (1 pg.)

    n.    <u>Plaintiff's Exhibit 17:</u>  Plaintiff's Application for Leave of Absence dated July 11, 2001. (1 pg.)

    o.    <u>Plaintiff's Exhibit 18:</u> Letter from Donna Sherman dated May 16, 2000, regarding Sabine Novak. (1 pg.)

    p.    <u>Plaintiff's Exhibit 19:</u>  Letter from Plaintiff's physician dated July 30, 2002, regarding treatment for depression. (1 pg.)

    q.    <u>Plaintiff's Exhibit 20:</u>  Letter from Stephen Beecher dated May 19, 2000, regarding Sabine Novak. (1 pg.)

    r.    <u>Plaintiff's Exhibit 21-22:</u>  Rite Aid Job Description for Assistant Store Manager. (2 pgs.)

    s.    <u>Plaintiff's Exhibits 23-40:</u>  Plaintiff's Employee History Displays. (18 pgs.)

    t.    <u>Plaintiff's Exhibits 41 through 166:</u> Copies provide to opposing counsel.

    2.    <u>Defendant's Objections</u>

The Defendant objects to Plaintiff's Exhibits 19 and 166. Plaintiff has failed to disclose this physician as an expert witness, as required by Rule 26(a))2) of the Federal Rules of Civil Procedure.

The Defendant objects to Plaintiff's Exhibit 8. The Defendant will stipulate that, as an assistant manager, Plaintiff worked 50 hours per week. The other information on the exhibit, indicating the number of hours worked by hourly employees, is not an accurate or reliable reflection of the hours that *Plaintiff* worked when she was an hourly employee.

    3.    <u>Defendant's Exhibits</u>

        a.    <u>Defendant's Exhibit 501</u>: SYSM written by Jim Zasso on March 21, 2001. The SYSM was generated on Tullio Vedovelli's office computer, and memorializes a telephone conversation between Ms. Novak and Mr. Zasso.

        b.    <u>Defendant's Exhibit 502</u>: SYSM written by Scott Gordon on July 11, 2001, listing disciplinary problems with Plaintiff.

        c.    <u>Defendant's Exhibit 503</u>: SYSMs exchanged between Kristie Richards and Jim Zasso on July 11, 2001, from 9:21 a.m. through 11:28 a.m.

        d.    <u>Defendant's Exhibit 504</u>: SYSM written by Scott Gordon on July 27, 2001, noting his receipt of Plaintiff's EEOC complaint.

  e. <u>Defendant's Exhibit 505:</u>  SYSM written by Scott Gordon on August 29, 2001, notifying Jim Zasso that Plaintiff had just given him two weeks notice of her resignation.

  f. <u>Defendant's Exhibit 506:</u>  SYSM written by Margaret Henebery on August 29, 2001, addressed to "Tracy and Wayne."

  g. <u>Defendant's Exhibit 507:</u>  SYSM written by Scott Gordon on September 1, 2001, noting that Plaintiff had just resigned.

  h. <u>Defendant's Exhibit 508:</u>  May 5, 2001 Incident Report written by Margaret Henebery, memorializing her meeting with Plaintiff.

  i. <u>Defendant's Exhibit 509:</u>  payroll records for Plaintiff from 12/17/00 through September 8, 2001, known as "check analysis."

  j. <u>Defendant's Exhibit 510:</u>  written warning prepared by Donna Sherman on July 12, 2000, regarding disciplinary problem with Plaintiff.

  k. <u>Defendant's Exhibit 511:</u>  Rite Aid's East Coast Procedures for Medical Leaves of Absence – Exempt Employees.

  l. <u>Defendant's Exhibit 512:</u>  Employee History Display for Plaintiff.

  m. <u>Defendant's Exhibit 513:</u>  Affidavit of Illegal Discriminatory Practice, filed by Plaintiff with CHRO on May 11, 2001.

  n. <u>Defendant's Exhibit 514:</u>  Transcript of Plaintiff's deposition testimony.

 4. <u>Plaintiff's Objections</u>

**C.** **<u>Deposition Testimony</u>**

The parties do not anticipate that any witnesses will testify by deposition at trial.

IX.  **STIPULATIONS AND PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW**

   A.  **Uncontroverted Facts**

   1.  The plaintiff, Sabine Novak, is a former employee of the defendant, Rite Aid.
   2.  Rite Aid hired Ms. Novak in October of 1998, for the position of cashier.
   3.  Ms. Novak went out on an approved maternity leave in January of 2001.
   4.  Between the date of her hire in 1998, and the date of her maternity leave in 2001, Ms. Novak worked at the Rite Aid Pharmacy in Torrington, Connecticut.
   5.  At the time of Ms. Novak's maternity leave, she was working as an assistant manager.
   6.  The plaintiff returned from her maternity leave on April 2, 2001, and began working at the Litchfield, Connecticut store. She remained at this store through the conclusion of her employment.

   B.  **Contested Issues of Fact**

   -  Whether the Defendant offered Ms. Novak an equivalent position upon her return from maternity leave.

   C.  **Proposed Voir Dire Questions**

   Please refer to Defendant's Proposed Voir Dire Questions, attached hereto.

   D.  **Proposed Jury Instructions**

   Please refer to Defendant's Proposed Jury Instructions, attached hereto.

   Please refer to Plaintiff's Proposed Jury Instructions, attached hereto.

    The Defendant objects to Plaintiff's proposed instructions as they lack citations to relevant legal authority.

  **E.**  **Proposed Verdict Form**

  Please refer to Defendant's Proposed Verdict Form, attached hereto.

  **F.**  **Defendant's Brief Description of Case and Parties**

  This case involves a lawsuit brought by the plaintiff, Sabine Novak, against the defendant, Rite Aid. Ms. Novak worked at Rite Aid for about three years, from 1998 to 2001. In January of 2001, she was working as an assistant manager at the Rite Aid Pharmacy in Torrington, Connecticut. In January, she took a leave of absence for about three months, for maternity leave. This case involves a dispute about how Ms. Novak was treated when she returned from her maternity leave.

  According to a federal law known as the Family and Medical Leave Act, when an employee returns to work after an approved leave of absence, the employer must either reinstate the employee to her original job, or must give her an "equivalent" job, with the same pay and duties. Ms. Novak claims that Rite Aid violated this law. She contends that when she returned to work, her supervisor told her that she could either accept a demotion, or leave the company. She also claims that the supervisor made this decision because of her race, which is African American, and because of her sex. Ms. Novak alleges that she filed a complaint with the Connecticut Commission on Human Rights and Opportunities, and that Rite Aid retaliated

against her for filing the complaint, by reducing her hours.  And finally, Ms. Novak claims that her work conditions were so intolerable, that she was forced to resign in late 2001.

Rite Aid, on the other hand, denies that it violated any law.  Witnesses for the company contend that, when Ms. Novak returned from her maternity leave, she was offered an "equivalent" assistant manager's position, with the same pay and duties, in another store, but that Ms. Novak declined that position.  Her supervisor contends that Ms. Novak's race and sex had nothing to do with his decision, and that instead, he needed to transfer her based on the needs of the company.  Rite Aid also denies that Ms. Novak was treated any differently after she filed her complaint, and denies that she was "forced" to quit.

X.     **ANTICIPATED EVIDENTIARY PROBLEMS**

A.     **By Plaintiff**

B.     **By Defendant**

The Defendant has attached a motion in limine pertaining to certain areas of the plaintiff's anticipated testimony.  The Defendant also anticipates that it will argue and prevail on a motion for directed verdict on the plaintiff's claims of race discrimination, sex discrimination, retaliation, and constructive discharge.

THE PLAINTIFF

By: _____
Rachel M. Baird  (CT12131)
Law Office of Rachel M. Baird
Stonegate Professional Bldg.
379 Prospect Street
Torrington, CT  06790-5239
860.626.9991

THE DEFENDANT

By: _____
Diane C. Mokriski, Esq.  (CT21114)
O'Connell, Flaherty & Attmore, LLC
280 Trumbull Street
Hartford, CT  06103
Tel: 860.548.1300
Fax: 860.548.0023