UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| SABINE R. NOVAK,<br>    Plaintiff<br><br>VS.<br><br>RITE AID OF CONNECTICUT, INC.,<br>    Defendant. | CIVIL ACTION<br><br>CASE NO. 3:02CV-1508 (MRK)<br><br>NEW HAVEN, CT<br><br>SEPTEMBER 10, 2004 |

**<u>DEFENDANT'S PROPOSED JURY INSTRUCTIONS</u>**

Pursuant to Rule 51 of the Federal Rules of Civil Procedure and the Court's Standing Orders, the Defendant, Rite Aid of Connecticut, Inc., requests that the Court instruct the jury on the law as set forth in the following proposed instructions.

THE DEFENDANT

By: _____
Diane C. Mokriski, Esq.  (CT21114)
dmokriski@ofalaw.com
O'Connell, Flaherty & Attmore, LLC
280 Trumbull Street
Hartford, CT  06103
Tel: 860.548.1300
Fax: 860.548.0023

# TABLE OF CONTENTS

Instruction No. 1:     FMLA – general nature of the claim . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

Instruction No. 2:     FMLA – failure to reinstate employee after birth of a child;
                       elements of the claim . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

Instruction No. 3:     FMLA – definition of "equivalent" position . . . . . . . . . . . . . . . . . . . . . . . 5

Instruction No. 4:     FMLA – same decision defense . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

Instruction No. 5:     FMLA – actual damages . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .7

Instruction No. 6:     FMLA – plaintiff's duty to mitigate damages . . . . . . . . . . . . . . . . . . . . . .8

Instruction No. 7:     FMLA – defendant's good faith defense to liquidated damages . . . . . . .10

Instruction No. 8:     Race and Sex Discrimination – general nature of the claim . . . . . . . . . . 11

Instruction No. 9:     Race and Sex Discrimination – essential elements of the claim . . . . . . . 12

Instruction No. 10:    Race and Sex Discrimination – materially adverse employment action . 14

Instruction No. 11:    Race and Sex Discrimination – legitimate nondiscriminatory reasons . . 15

Instruction No. 12:    Race and Sex Discrimination – pretext . . . . . . . . . . . . . . . . . . . . . . . . . . .16

Instruction No. 13:    Retaliation – essential elements of the claim . . . . . . . . . . . . . . . . . . . . . . 17

Instruction No. 14:    Retaliation – materially adverse employment action . . . . . . . . . . . . . . . .18

Instruction No. 15:    Retaliation – causal connection . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  19

Instruction No. 16:    Constructive Discharge – essential elements of the claim . . . . . . . . . . . . 20

### **INSTRUCTION NO. 1: FMLA – GENERAL NATURE OF THE CLAIM**

In Count One of the complaint, the plaintiff alleges that the defendant violated a federal law known as the Family and Medical Leave Act, or "FMLA." The FMLA provides eligible employees the right to take a total of twelve weeks of unpaid leave per year to care for a newborn son or daughter. After the period of qualified leave expires, the employee generally is entitled to be reinstated to the former position or to an equivalent one with the same benefits and terms of employment that existed before the employee took the leave.

Plaintiff claims that upon the conclusion of her maternity leave, Rite Aid failed to either reinstate her to her former position, or to place her in an equivalent one with the same benefits and terms of employment.

Rite Aid denies Plaintiff's claims, and contends that it did offer Plaintiff an equivalent position with the company when she returned from leave.

**Authorities:**

Plaintiff's Amended Complaint, Count I.

Defendant's Answer to Plaintiff's Amended Complaint.

29 U.S.C. §§ 2612, 2614.

## INSTRUCTION NO. 2: FMLA – FAILURE TO REINSTATE EMPLOYEE AFTER BIRTH OF A CHILD; ELEMENTS OF THE CLAIM

In order for Plaintiff to establish a claim under the FMLA, she must prove each of the following four elements:

First, Plaintiff was absent from work because of the birth of a son or daughter;

Second, Plaintiff was able to return to her job at the expiration of her leave period;

Third, Rite Aid refused to reinstate Plaintiff to the same position that she held when her absence began; and

Fourth, Rite Aid refused to reinstate Plaintiff to an equivalent position, as that term is defined in my next instruction.

Your verdict must be for Plaintiff if, and only if, she proves each of those elements by a preponderance of the evidence. Your verdict must be for the defendant if any one of those elements has not been proved by a preponderance of the evidence, or if the defendant has proved an affirmative defense – a term which I will explain in Instruction No. 4.

**Authorities:**

Arban v. West Publishing Corp., 345 F.3d 390, 401 (6th Cir. 2003).

O'Malley, Grenig & Lee, Federal Jury Practice and Instructions, Fifth § 179.25.

**INSTRUCTION NO. 3: FMLA – DEFINITION OF "EQUIVALENT" POSITION**

An "equivalent" position is a position that is virtually identical to the plaintiff's former position in terms of pay, benefits, and working conditions, including privileges, perquisites and status. An equivalent position must involve the same or substantially similar duties or responsibilities, which must entail substantially equivalent skill, effort, responsibility, and authority.

**Authorities:**

29 C.F.R. § 825.215(a)

O'Malley, Grenig & Lee, Federal Jury Practice and Instructions, Fifth § 179.36.

## **INSTRUCTION NO. 4: FMLA – SAME DECISION DEFENSE**

If, after considering the plaintiff's evidence and Rite Aid's rebuttal of that evidence, you find that the plaintiff has established each and every element of her claim, only then should you concern yourselves with the defenses offered by Rite Aid. The fact that I instruct you on Rite Aid's defenses does not, by itself, mean that the plaintiff has proven her claims.

I will now instruct you on what is called the "same decision" defense. Under the FMLA, an employee on protected leave is not entitled to any greater rights or benefits than she would be entitled to had she not taken the leave. Thus, if you find that Plaintiff has proved all four elements of her claim under the FMLA, you must nevertheless find in favor of Rite Aid if you determine that the company would have made the same employment decisions with regard to Plaintiff, even if she had not taken maternity leave. In other words, if you find that Plaintiff proved by a preponderance of the evidence that Rite Aid failed to restore her to an equivalent position upon her return from maternity leave, you must return a verdict for the defendant if you find that Rite Aid would have made the same transfer decisions regardless of Plaintiff's maternity leave. This is called an affirmative defense, and the defendant must prove it by a preponderance of the evidence.

**Authorities:**

Santos v. Knitgoods Workers' Union, 252 F.3d 175, 178 (2d Cir. 2001).

29 C.F.R. § 825.216(a)

29 U.S.C. § 2614(a)(3)

O'Malley, Grenig & Lee, Federal Jury Practice and Instructions, Fifth § 179.50.

## **INSTRUCTION NO. 5: FMLA – ACTUAL DAMAGES**

If you find in favor of Plaintiff on her FMLA claim, then you may award Plaintiff the amount of any wages, salary, and employment benefits she would have earned in her employment with Rite Aid if she had been reinstated to either her former position or to an equivalent one on April 2, 2001, through the date of your verdict.  You then must subtract from that number the amount of earnings and benefits received by Plaintiff from either Rite Aid, or another employer, during that same time period.

Remember, throughout your deliberations, you must not engage in any speculation, guess, or conjecture, and you must not award damages under this Instruction by way of punishment or through sympathy.

**Authorities:**

29 U.S.C. § 2617(a)(1).

O'Malley, Grenig & Lee, Federal Jury Practice and Instructions, Fifth § 179.60.

Eighth Circuit Manual of Model Jury Instructions, Civil, § 5.85 (2001).

## **INSTRUCTION NO. 6: FMLA – PLAINTIFF'S DUTY TO MITIGATE DAMAGES**

Plaintiff must make every reasonable effort to minimize or reduce her damages by seeking other employment. This is referred to as "mitigation of damages." Defendant must prove by a preponderance of the evidence that Plaintiff failed to mitigate her damages for loss of compensation.

If you determine that Plaintiff is entitled to damages, you must reduce these damages by:

1. what Plaintiff earned between April 2, 2001 and the date of your verdict; and
2. what Plaintiff <u>could</u> have earned by reasonable effort during that time period.

Plaintiff must accept employment that is "of a like nature." In determining whether employment is "of a like nature," you may consider:

1. the type of work,
2. the hours worked,
3. the compensation,
4. the job security,
5. the working conditions, and
6. other conditions of employment.

You must decide whether Plaintiff acted reasonably in not seeking or accepting a particular job. If you determine that Plaintiff did not make reasonable efforts to obtain another similar job, you must decide whether any damages resulted from her failure to do so. You must not compensate Plaintiff for any portion of her damages resulting from her failure to make reasonable efforts to obtain other employment and reduce her damages.

**Authorities:**

O'Malley, Grenig & Lee, <u>Federal Jury Practice and Instructions, Fifth</u> § 179.61.

## INSTRUCTION NO. 7: FMLA – DEFENDANT'S GOOD FAITH DEFENSE TO AN AWARD OF LIQUIDATED DAMAGES

If you find that Plaintiff has proved all four elements of her FMLA claim by a preponderance of the evidence, *and* that Rite Aid has failed to establish an affirmative defense by a preponderance of the evidence, then you must move on and decide whether Rite Aid acted in good faith. You must find that Rite Aid acted in good faith if you find by a preponderance of the evidence that when Rite Aid offered Plaintiff one or more alternative positions rather than reinstating her in her original job, Rite Aid reasonably believed that its actions complied with the FMLA.

**Authorities:**

29 U.S.C. § 2617(a)(1).

O'Malley, Grenig & Lee, Federal Jury Practice and Instructions, Fifth § 179.53.

**INSTRUCTION NO. 8: Race and Sex Discrimination – general nature of the claim**

In the Second, Third, and Fourth Counts of Plaintiff's Amended Complaint, Plaintiff alleges claims under the federal civil rights statutes that prohibit employers from discriminating against employees in the terms and conditions of their employment. More specifically, Plaintiff claims that Rite Aid transferred her because of her race and/or sex.

Rite Aid denies that it discriminated against Plaintiff in any way, denies that either her race or sex played any part in its decision to transfer her, and denies that her transfer even constituted an adverse employment action.

**Authorities:**

42 U.S.C. § 1981

42 U.S.C. § 2000e

<u>Eleventh Circuit Pattern Jury Instructions (Civil Cases)</u>, Federal Claims Instruction No. 1.3.1 and 1.2.1 (2000).

### INSTRUCTION NO. 9: Race and Sex Discrimination – essential elements of the claim

In order for Plaintiff to establish her race and sex discrimination claims against Rite Aid, Plaintiff has the burden of proving by a preponderance of the evidence that Rite Aid intentionally discriminated against her based on her race and/or sex. That is, Plaintiff's race and/or sex must be proven to have been "motivating factors" in Rite Aid's decision to transfer her.

You verdict must be for Plaintiff only if each of the following elements has been proved by a preponderance of the evidence:

> First: Rite Aid's decision to transfer the plaintiff out of the Torrington store constituted materially adverse treatment with respect to the compensation, terms, conditions, or privileges of her employment; and

> Second: Plaintiff's race and/or sex were motivating factors for Rite Aid's decision.

If you find that Plaintiff's transfer did constitute materially adverse treatment, the mere fact that Plaintiff is African American or female, and experienced this treatment, is not sufficient in and of itself, to establish Plaintiff's claim under the law. Her race and/or sex must have been motivating factors for the company's conduct.

"Motivating factor," as that term is applied to Plaintiff's race discrimination claim, means that the evidence must show that Rite Aid decided to transfer her out of the Torrington store because she is black.

"Motivating factor," as that term is applied to Plaintiff's sex discrimination claim, means that the evidence must show that Rite Aid was motivated by Plaintiff's pregnancy, as opposed to another type of medical leave of absence, in making its decision to transfer her. For example, if

you find that the company would have made the same transfer decisions if Plaintiff had taken a leave of absence for gall bladder surgery, then Plaintiff's sex and pregnancy were not "motivating factors" for the company's decision. The phrase "motivating factor" does not mean that it was the only motivation for Rite Aid's decision. However, it must have been a factor that actually led to the decision.

      If either of the above elements has not been proved a preponderance of the evidence, your verdict must be for the defendant, and you need not proceed further in considering this claim.

**Authorities:**

42 U.S.C. § 2000e-2(m)

Swapshire v. Baer, 865 F.2d 948, 952 (8th Cir. 1989).

Eighth Circuit Manual of Model Jury Instructions, Civil, Instruction 5.01 (2001).

## INSTRUCTION NO. 10: Race and Sex Discrimination – materially adverse employment action

As I mentioned previously, in order for Plaintiff to establish her race and sex discrimination claims against Rite Aid, she must prove that the company intentionally discriminated against her based on her race and/or sex.  In order to establish such a claim, she must prove that she suffered a "materially adverse employment action."   Not everything that makes an employee unhappy is an actionable adverse employment action.  A "materially adverse employment action" is a significant change in employment status, such as hiring, firing, failing to promote, or reassignment with significantly different responsibilities or benefits.  If you determine that the plaintiff did not suffer a materially adverse employment action, then you must return a verdict for the defendant on these claims.

**Authorities:**

Pennsylvania State Police v. Suders, 124 S. Ct. 2342, 2353 (2004).

Torres v. Pisano, 116 F.3d 625, 639-40 (2d Cir. 1997).

Mattern v. Eastman Kodak, 104 F.3d 702 (5th Cir. 1997).

### **INSTRUCTION NO. 11: Race and Sex Discrimination – legitimate nondiscriminatory reasons for the employment decision**

You must also consider any legitimate, nondiscriminatory reason or explanation stated by Rite Aid for its decision to transfer Plaintiff.  If you determine that Rite Aid *has* stated such a reason, then you must decide in favor of Rite Aid unless Plaintiff proves by a preponderance of the evidence that the stated reason was not the true reason, but was only a pretext or excuse for Defendant's discriminating against Plaintiff because of her race and/or sex.

**Authorities:**

Patterson v. McLean Credit Union, 491 U.S. 164, 187 (1989).

McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973).

O'Malley, Grenig & Lee, Federal Jury Practice and Instructions, Fifth § 170.52.

**INSTRUCTION NO. 12: Race and Sex Discrimination – pretext**

Plaintiff has introduced evidence that Rite Aid's articulated reason for Plaintiff's transfer is a pretext for discrimination. When you consider Plaintiff's evidence of pretext, remember that the relevant question is whether Rite Aid's reason was not the real reason for its actions.

You are not to consider whether Rite Aid's reason showed poor or erroneous judgment. You are not to consider the company's wisdom. However, you may consider whether its reason is merely a cover-up for discrimination.

You may consider whether Rite Aid's reasons are consistent with its own policies and rules and whether Rite Aid has applied these policies and rules uniformly. You should also carefully evaluate any subjective reasons Rite Aid has asserted for its actions.

Ultimately, Plaintiff has the burden to persuade you by a preponderance of the evidence that Rite Aid took action against her because of her race and/or sex. If you do not believe Rite Aid's explanations, you may, *but are not required to*, infer that that Plaintiff has satisfied her burden of proof that the defendant intentionally discriminated against her because of her race and/or sex.

**Authorities:**

St. Mary's Honor Center v. Hicks, 509 U.S. 502, 510 (1993).

Texas Dept. of Community Affairs v. Burdine, 450 U.S. 248, 253 (1981).

O'Malley, Grenig & Lee, Federal Jury Practice and Instructions, Fifth § 170.22.

## INSTRUCTION NO. 13: Retaliation – essential elements of the claim

I will now instruct you on plaintiff's claim of retaliation against Rite Aid. Plaintiff claims that Rite Aid illegally retaliated against her after she complained about her job transfer, and after she filed a complaint with the Connecticut Commission on Human Rights and Opportunities (known as the CHRO), an agency that investigates discrimination claims.

In order to prevail on this claim, the plaintiff must prove all of the following elements:

1. Plaintiff engaged in conduct protected by the federal civil rights statute known as Title VII;

2. Rite Aid subjected Plaintiff to an "adverse employment action" after she engaged in this conduct; and

3. There was a causal connection between Plaintiff's protected activity and the adverse employment action. In other words, Plaintiff must prove that Rite Aid took adverse employment action against Plaintiff *because of* her protected conduct.

**Authorities:**

42 U.S.C. § 2000e-3(a)

Fennell v. First Step Designs, Ltd., 83 F.3d 526, 536 (1st Cir. 1996).

O'Malley, Grenig & Lee, Federal Jury Practice and Instructions, Fifth § 171.25.

**INSTRUCTION NO. 14: Retaliation – materially adverse employment action**

If you find that Plaintiff did engage in conduct protected by Title VII, then you must next consider whether she suffered a materially adverse employment action. Not everything that makes an employee unhappy is an actionable adverse employment action. A "materially adverse employment action" is a significant change in employment status, such as hiring, firing, failing to promote, or reassignment with significantly different responsibilities or benefits.

**Authorities:**

Pennsylvania State Police v. Suders, 124 S. Ct. 2342, 2353 (2004).

Torres v. Pisano, 116 F.3d 625, 639-40 (2d Cir. 1997).

Mattern v. Eastman Kodak, 104 F.3d 702 (5th Cir. 1997).

### **INSTRUCTION NO. 15: Retaliation – causal connection**

If you conclude that the plaintiff engaged in a protected activity, and that she experienced a materially adverse employment action, then you must still determine whether or not the plaintiff has proven a causal connection between these two things.  In other words, did the plaintiff prove that Rite Aid subjected her to a materially adverse change in her employment conditions specifically *because* she file a complaint with the CHRO, or *because* she complained about her transfer.

Plaintiff may prove a causal connection directly, by offering evidence of a written or oral statement by Rite Aid that it took the materially adverse action against Plaintiff specifically because she complained about her transfer.  She may also establish the necessary causal connection indirectly, by showing that the adverse treatment followed shortly after she complained.  In evaluating Plaintiff's retaliation claim, you must not consider any actions that Rite Aid took *before* Plaintiff complained, as such actions would not be evidence of retaliation.

**Authorities:**

Fennell V. First Step Designs, Ltd., 83 F.3d 526, 536 (1st Cir. 1996).

Sumner v. United States Postal Serv., 899 F.2d 203, 208-09 (2d Cir. 1990).

## **INSTRUCTION NO. 16: Constructive Discharge – essential elements of the claim**

I will now instruct you on Counts Six and Seven of the plaintiff's complaint, which allege claims for "constructive discharge." An employee is constructively discharged when her employer, rather than discharging her directly, intentionally creates a work atmosphere so intolerable that she is forced to quit. In order to prevail on this claim, Plaintiff must prove each of the following three elements by a preponderance of the evidence:

1. Rite Aid intentionally made Plaintiff's working conditions intolerable;

2. In making Plaintiff's working conditions intolerable, Rite Aid was illegally motivated by either her race or sex; and

3. Rite Aid either intended to force Plaintiff to resign, or it could have reasonably foreseen that she would resign as a result of its actions.

In evaluating the first element, working conditions are considered "intolerable" when they are so difficult or unpleasant that a reasonable person in the employee's shoes would have felt compelled to resign.

**Authorities:**

Terry v. Ashcroft, 336 F.3d 128, 151-52 (2d Cir. 2003).

Eighth Circuit Manual of Model Jury Instructions, Civil, Instruction 5.93 (2001).