

# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | |
|---|---|
| SABINE R. NOVAK,<br>    Plaintiff<br><br>VS.<br><br>RITE AID OF CONNECTICUT, INC.,<br>    Defendant. | CIVIL ACTION<br><br>CASE NO. 3:02CV-1508 (MRK)<br><br>NEW HAVEN, CT<br><br>SEPTEMBER 10, 2004 |

## PLAINTIFF'S PROPOSED JURY INSTRUCTIONS

### INSTRUCTION 1

### Count I – Family and Medical Leave Act (FMLA), 29 U.S.C. § 2614(a)(1)

Nature of the Claim
    This claim arises under the Family and Medical Leave Act (FMLA). The Family and Medical Leave Act entitles an eligible employee to a leave of absence for specified purposes. Ms. Novak claims that Rite Aid failed to reinstate her to her former position as an Assistant Manager or an equivalent position after Ms. Novak returned to work following a leave of absence. Rite Aid denies Ms. Novak's claim and [insert affirmative defenses].

Statute
    The FMLA provides eligible employees the right to take a total of twelve weeks of unpaid leave per year to care for a newborn son or daughter and to care for the employee's own serious health condition. After the period of qualified leave expires, the employee is entitled to be reinstated to the former position or an equivalent one with the same benefits and terms of employment that existed before the employee took leave.
A Plaintiff is entitled on return from FMLA leave to be restored to the position of employment she held when the leave commenced or to an equivalent position with equivalent employment benefits, pay, and other terms and conditions of employment.

Definitions
The term "employer" means any person engaged in commerce who employs 50 or more employees for each working day during each of 20 or more calendar workweeks in the current of preceding calendar year. It includes any person who acts, directly or indirectly, in the interest of an employer to any of the employees of such employer or any successor in interest of an employer. 29 U.S.C. § 2611(4).

The term "son or daughter" means a biological, adopted, or foster child, a stepchild, a legal ward, or a child of a person standing in loco parentis, who is either under 18 years of age, or 18 years of age or older and incapable of self-care because of a mental or physical disability. 29 U.S.C. § 2611(12).

An employee is eligible for FMLA leave if:
    1. the employee is employed at a worksite where 50 or more employees work within 75 miles of that worksite;
    2. the employee has worked for the employer for 12 months (not necessarily consecutive months); and
    3. the employee has worked at least 1,250 hours during the pervious 12 months.
29 U.S.C. §2611(2)(A)-(B).

Essential Elements - Failure to Reinstate Employee to Same or Equivalent Position
    Your verdict must be for Ms. Novak if all of the following elements have been proved by a preponderance of the evidence:

- First, Ms. Novak was eligible for leave under the FMLA.
- Second, Ms. Novak was absent from work because of the birth of her son.
- Third, Ms. Novak was able to return to work and perform the functions of her job prior to the expiration of the leave period; and
- Fourth, Rite Aid refused to reinstate Ms. Novak to the same or an equivalent position (as defined below) held by Ms. Novak when he leave of absence began.

    "An equivalent position is one that is virtually identical to the employee's former position in terms of pay, benefits, perquisites and status. It must involve the same or substantially similar duties and responsibilities, which must entail substantially equivalent skill, effort, responsibility, and authority." 29 C.F.R. § 825.215(a) (2004). "An equivalent position must have substantially similar duties, conditions, responsibilities, privileges and status as the employee's original position. The employee must be reinstated to the same or a geographically proximate worksite (i.e., one that does not involve a significant increase in commuting time or distance) from where the employee had previously been employed." 29 C.F.R. § 825.215(e) (2004). Your verdict must be for Rite Aid if Ms. Novak has not proved any of the above elements by a preponderance of the evidence or if Rite Aid is entitled to a verdict under [insert affirmative defenses].

2

Intent
The statutory entitlements created by the FMLA include an employee's right to take 12 weeks of leave in a 12 month period, the right to the maintenance of health benefits while on leave, and the right to be restored to the same or equivalent position upon returning from leave.[1] Where an entitlement is involved, the employee is due the benefit if the statutory requirements are satisfied regardless of the employer's intent. To prove a *prima facie* case of denial of a statutory entitlement, an employee need only prove that he or she meets the statutory eligibility requirements for the entitlement. The employer's intent is not an issue in determining a violation of the FMLA in this instance.

Damages
    In this case, there has been testimony about Ms. Novak's money damages. It is Ms. Novak's burden to prove by a preponderance of the evidence that she actually suffered damages and that such damages were directly caused by Rite Aid. If you find for Ms. Novak, then you must award her such sum as you determine by a fair preponderance of the evidence that Ms. Novak incurred as a direct result of Rite Aid's violation. The FMLA limits Ms. Novak's recovery to an amount equal to the amount of any wages, salary, employment benefits, or other compensation denied or lost to her by reason of the violation. Alternatively, if you find that Ms. Novak has not been denied or lost any wages, salary, employment benefits or other compensation, Plaintiff's damages are limited to any actual monetary losses she suffered as a direct result of the violation.
You may include in the calculation of lost wages and benefits any amount that Plaintiff actually sustained for lost medical-dental insurance payments and lost group life insurance payments.
If you find in favor of Plaintiff under Instruction 1, then you must decide whether Rite Aid acted in good faith. You must find Rite Aid acted in good faith if you find by the preponderance of the evidence that when Rite Aid failed to reinstate and changed the terms and conditions of Plaintiff's employment, Defendant honestly intended and reasonably believed that its actions complied with the FMLA.

Mitigation of Damages
    A person who claims damages resulting from the wrongful act of another has a duty under the law to use reasonable diligence to mitigate - to avoid or minimize those damages. If you find that Rite Aid is liable and Ms. Novak has suffered damages, Ms. Novak may not recover for any item of damage which she could have avoided through reasonable effort. If you find by a preponderance of the evidence Ms. Novak unreasonably failed to take advantage of an opportunity to lessen her damages, you should deny her recovery for those damages which she would have avoided had she taken advantage of the opportunity. You are the sole judge of whether Ms. Novak acted reasonably in avoiding or minimizing her damages. However, she is

---

[1] *See* 29 U.S.C. §2614 (a)(1)(A)-(B) & (3).

Case 3:02-cv-01508-MRK    Document 43    Filed 09/10/2004    Page 4 of 12

not required to exercise unreasonable efforts or incur unreasonable expenses in mitigating the damages. Rite Aid has the burden of proving the damages which Ms. Novak could have mitigated. In deciding whether to mitigate, you must weigh all the evidence in light of the particular circumstances of the case, using sound discretion in deciding whether Rite Aid has satisfied its burden of proving that Ms. Novak's conduct was not reasonable.

## INSTRUCTION 2

### Count II and Count VI– Unlawful Race Discrimination, 42 U.S.C. § 2000e-2(a)(1)

Nature of the Claims
   Title VII of the Civil Rights Act of 1964 makes it unlawful for an employer to intentionally discharge any person or otherwise discriminate against such person with respect to compensation, tenure, conditions, or privileges of employment because of such person's race. Ms. Novak claims that Rite Aid intentionally discriminated against her. Rite Aid denies this charge. It is your responsibility to decide whether Ms. Novak has proven her claim against Rite Aid by a preponderance of the evidence.

Statute
   The Act, at 42 U.S.C. § 2000e-2(a)(1), provides that: "It shall be an unlawful employment practice for an employer to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race."

Definitions
   Title VII holds employers liable for violations of the Act. An entity is an employer" under Title VII if it is a "person engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year. The term "employee" means an individual employed by an employer,

An employee is constructively discharged, and thus suffers an adverse employment action under Title VII, if a reasonable person under the same or similar circumstances would consider the working conditions to be so intolerable as to be compelled to resign.
To establish a constructive discharge claim under Title VII, Plaintiff must show that Defendant [employer] made his/her working conditions so intolerable that s/he was forced to resign. In other words, Plaintiff must demonstrate that Defendant deliberately created working conditions that were so difficult or unpleasant that a reasonable person in Plaintiff's shoes would have felt compelled to resign.

4

Essential Elements

In order for Ms Novak to establish her claim against Rite Aid, she has the burden of proving that Rite Aid's actions were, more likely than not, motivated by Ms. Novak's race.

Demotion and Change in Terms and Conditions of Employment

In order for Ms. Novak to prevail on her claim against Rite Aid, she must prove that Rite Aid intentionally discriminated against her, that is, Ms. Novak's race must be proven to have been a motivating factor in Rite Aid's decision to demote and subject her to discriminatory terms and conditions. In showing that Ms. Novak's race was a motivating factor, she is not required to prove that her race was the sole motivation or even the primary motivation for Rite Aid's decision. Ms. Novak need only prove that race played a part in the Rite Aid's decision even though other factors may also have motivated Rite Aid. If you find from the evidence that race was, more likely than not, a motivating factor in Rite Aid's employment decision to demote and subject Ms. Novak to discriminatory terms and conditions of employment you should so indicate on the verdict form.

Constructive Discharge

In order for Ms. Novak to recover on her claim of constructive discharge under Count VI of the Amended Complaint, she must prove that Rite Aid intentionally made her working conditions so intolerable that a reasonable person would feel forced to resign, and (2) her race was a motivating factor in Rite Aid's conduct, and (3) she, in fact, resigned.

Intent

Ms. Novak must show that Rite Aid intentionally discriminated against her. Ms. Novak, however, is not required to produce direct evidence of intentional discrimination. Intentional discrimination may be inferred from the existence of other facts.

Compensatory Damages

If you find that Rite Aid discriminated against Ms. Novak based on her race, then you must determine an amount that is fair compensation for her damages. You may award compensatory damages only for injuries that Ms. Novak proves were caused by Rite Aid's allegedly wrongful conduct. The damages that you award must be fair compensation – no more and no less. If you find that Rite Aid acted unlawfully, Ms. Novak is entitled to the back pay she would have earned if Rite Aid had not demoted her, subjected her to discriminatory terms and conditions of employment, and constructively discharged her. This amount consists of the wages and employee benefits Ms. Novak would have received from April 2, 2001, through the date of your verdict. From this amount, you should subtract the total amount Ms. Novak has earned during the same period, in wages, earnings, or other income and benefits. If Ms. Novak failed to make reasonable efforts to find work, you should subtract any amount she could have earned during this period.

You may award compensatory damages for future pecuniary losses, emotional pain and suffering, inconvenience, and mental anguish if you find these were caused by Rite Aid's allegedly wrongful act.

An award of future damages necessarily requires that monetary payment be made now for a loss that Ms. Novak will not actually suffer until some future date. If you should find that Ms. Novak is entitled to future damages, including future earnings, then you must determine the present value or worth, in dollars, of such future damages. If you award damages for loss of future earnings, you must consider two particular factors:

One: You must reduce any award by the amount of the expenses that Ms. Novak would have incurred in making those earnings.

Two: You must reduce any award to its present value by considering the interest that Ms. Novak could earn on the amount of the award if she made a relatively risk free investment. The reason you must make this reduction is because an award of an amount representing future loss of earnings is more valuable to Ms. Novak if she receives it today than if she received it in the future, when she otherwise would have earned it. It is more valuable because she can earn interest on it for the period of time between the date of the award and the date she would have earned the money.

You may award damages for any pain, suffering or mental anguish that Ms. Novak experienced as a consequence of Rite Aid's acts in demoting Ms. Novak, subjecting her to discriminatory terms and conditions of employment and constructively discharging her. No evidence of the monetary value of such intangible things as pain and suffering has been, or need be, introduced into evidence. There is no exact standard for fixing the compensation to be awarded for these elements of damage. Any award you make should be fair in light of the evidence presented at the trial.

In addition to actual damages, the law permits the jury under certain circumstances to award the injured person punitive damages in order to punish the defendant for some extraordinary misconduct and to serve as an example or warning to others not to engage in such conduct. If you find in favor of Ms. Novak and against Rite Aid, and if you find by the preponderance of the evidence that Rite's Aid's alleged discriminatory acts were motivated by evil motive or intent or that Rite Aid was callously indifferent to Ms. Novak's rights, then, in addition to any other damages to which you find Ms. Novak entitled, you may, but are not required to, award her an additional amount as punitive damages if you find it is appropriate to punish Rite Aid or deter the it and others from like conduct in the future. Whether to award Ms. Novak punitive damages and the amount of those damages are within your sound discretion.

6

## INSTRUCTION 3

### Count III and Count VII– Unlawful Race Discrimination, 42 U.S.C. § 1981

Nature of the Claims
      Ms. Novak's claim for recovery under Section 1981 in Counts III and VII is based upon a federal statute, which provides that all persons within the United States shall have the same right to make and enforce contracts and to the full and equal benefit of all laws as is enjoyed by white citizens. This law entitles a person of color to equal opportunity and treatment in employment. Thus, when an employer acts adversely against a person of color because of that person's race, the law has been violated and the person of color may file suit and recover damages.

Statute
      To recover on her claim against Rite Aid, Ms. Novak must prove the following elements by a preponderance of the evidence:
      1. Rite Aid intentionally discriminated against her; and
      2. As a direct result of such discrimination, Ms. Novak sustained damages.

Definitions
An adverse employment action is defined as a significant change in employment status, such as hiring, firing, failing to promote, reassignment with significantly different responsibilities, or a decision causing a significant change in benefits.

Essential Elements
      Your verdict must be for Ms. Novak and against Rite Aid on Ms. Novak's race discrimination claim if all the following elements have been proved by the preponderance of the evidence:
*First,* Rite Aid demoted Ms. Novak and changed the terms and conditions of her employment; and
*Second,* Ms. Novak's race was a motivating factor in Rite Aid's decision.
However, your verdict must be for Rite Aid if any of the above elements has not been proved by the preponderance of the evidence, or if it has been proved by the preponderance of the evidence that defendant would have decided not to demote and change the terms and conditions of Ms. Novak's employment regardless of her race.

Damages

      If you find in favor of Ms. Novak under Instruction 3, then you must award her such sum as you find by the preponderance of the evidence will fairly and justly compensate her for damages you find she sustained as a direct result of Rite Aid's defendant's conduct as described in Instruction 3.

7

[See Damages at Instruction 2]

## INSTRUCTION 4

### Count IV and Count VI– Unlawful Sex Discrimination, 42 U.S.C. § 2000e-2(a)(1)

Nature of the Claim
      Ms. Novak accuses Rite Aid of sex discrimination. Specifically, she claims that Rite Aid took adverse employment action against her because of her pregnancy, childbirth, or related medical condition.

Statute
In determining whether sex was a motivating factor in the adverse employment action against Ms. Novak, "sex" includes discrimination because of or on the basis of pregnancy, childbirth, or related medical condition.
42 U.S.C. § 2000e(k).

Definition
An "adverse employment action" is one that, standing alone, actually causes damage, tangible or intangible, to an employee. An employer takes adverse action against an employee only if it: (1) takes something of consequence away from the employee, for example, by discharging or demoting the employee, reducing his or her salary, or taking away significant responsibilities; or (2) fails to give the employee something that is a customary benefit of the employment relationship.

Intent
Ms. Novak need not show that sex discrimination was the only or predominant factor that motivated Rite Aid.. In fact, you may decide that other factors were involved as well in Rite Aid's decision-making process. In that event, in order for you to find for Ms. Novak, you must find that she has proven that, although there were other factors, she would not have been demoted and subjected to discriminatory terms and conditions of employment without the sex discrimination. Ms. Novakl is not required to produce direct evidence of unlawful motive. You may infer knowledge and/or motive as a matter of reason and common sense from the existence of other facts, for example,, explanations that were given that you find were really pretextual. "Pretextual" means false or, though true, not the real reason for the action taken.

Essential Elements -
      Your verdict must be for Ms. Novak and against Rite Aid on Plaintiff's sex discrimination claim if all the following elements have been proved by the preponderance of the evidence:

       1. Plaintiff was demoted and subjected to discriminatory terms and conditions of employment by Rite Aid; and
       2. Plaintiff's pregnancy, childbirth, and related medical condition were motivating factors in Rite Aid's decision to demote and subject Plaintiff to discriminatory terms and conditions of employment.

       If either of the above elements has not been proved by the preponderance of the evidence, your verdict must be for Defendant and you need not proceed further in considering this claim.

## INSTRUCTION 4

### Count V- Retaliation, 42 U.S.C. § 2000e-3(a)

Nature of the Claim

       Ms. Novak has brought her claim under Title VII of the Civil Rights Act of 1964, which prohibits employers, like Rite Aid, from taking retaliatory personnel actions against employees who have previously engaged in activity protected by Title VII, such as pursuing a complaint of employment discrimination. It is undisputed in this case that Ms. Novak engaged in protected activity when she filed a complaint with the Commission on Human Rights and Opportunities and the Equal Employment Opportunity Commission in May of 2001, so the only issue for you to decide is whether Ms. Novak was retaliated against as a result of that protected activity.

Statute

       Title VII provides that: It shall be an unlawful employment practice for an employer to discriminate against [an employee]....because he has opposed any practice made an unlawful employment practice by this subchapter or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter.

Definitions

       Generally, a demotion, salary decrease, undesirable reassignment or termination constitutes an adverse employment action. However, retaliatory conduct may consist of action "less severe than outright discharge."

Intent

Proof of retaliatory intent is critical in this case. Retaliation is intentional if it is done voluntarily, deliberately, and willfully. Retaliatory intent may be proven either by direct evidence, such as statements made by a person whose intent is at issue, or by circumstantial evidence from which you can infer a person's intent. Thus, in making a determination as to whether there was intentional retaliation in this case, you may consider any statement made or act done or omitted by a person whose intent is in issue as well as all other facts and circumstances that indicate his or her state of mind. You may also infer that a person intends the natural and probable consequences of acts knowingly done or knowingly omitted.

Ms. Novak must show that Rite Aid intentionally retaliated against her. Ms. Novak, however, is not required to produce direct evidence of intentional retaliation, but rather, may produce circumstantial evidence to prove intentional retaliation. Thus, you may consider any statement made and act done or omitted by Rite Aid and all other facts and circumstances in evidence that indicate Rite Aid's employees' states of mind to determine its intent.

Essential Elements of Claim

To succeed on claims of retaliatory discharge and retaliatory harassment, Ms. Novak must establish the basic fact that she was subjected to an adverse employment action because of her protected activity. At a minimum, there must be competent evidence that the alleged retaliators knew of Ms. Novak's protected activity and that a retaliatory motive played a part in the adverse employment actions alleged.

You may find that the adverse employment actions taken against Ms. Novak were caused by her protected activity if the protected activity was a motivating factor in Rite Aid's conduct toward Ms. Novak.

In order to establish that a causal connection exists between engaging in protected activity and an adverse employment action, Ms. Novak must produce evidence of circumstances that justify an inference of a retaliatory motive, such as that the adverse actions occurred proximate in time to the protected activity and that the person(s) who made the adverse employment decisions knew about the protected activity.

Plaintiff can establish a link between her protected activity and the subsequent adverse action(s) if Rite Aid engaged in a pattern of antagonism in the intervening period between the adverse action and protected activity.

In showing that her protected activity was a motivating factor, Ms. Novak is not required to prove that her protected activity was the sole motivation or even the primary motivation for Rite Aid's adverse conduct. Ms. Novak need only prove that her protected activity played a motivating part in Rite Aid's conduct, even though other factors may have also motivated Rite Aid.

I       If Ms. Novak succeeds in showing a *prima facie* case of retaliation, Rite Aid must articulate legitimate, nondiscriminatory reasons for its actions.

If Rite Aid demonstrates a legitimate, nondiscriminatory reason for the adverse action taken against Ms. Novak, then she then assumes the burden of showing that the reasons given by Rite Aid were a pretext for retaliation.

You may find that Ms. Novak's protected activity was a motivating factor in Rite Aid's decision to take adverse actions against Ms. Novak if you find that Rite Aid's stated reasons for its adverse decisions are not the true reasons, but are a pretext to hide a retaliatory motive.

Pretext may be shown by such weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions in Rite Aid's proffered reasons for its actions that a reasonable person could rationally find them unworthy of credence, and hence infer that Rite Aid did not act for the asserted non-discriminatory reasons.

If you disbelieve Rite Aid's explanation for the adverse actions taken against Ms. Novak, you may, but need not, infer that Rite Aid's true motive was retaliatory.

It is up to you to decide whether Ms. Novak has proved her claim of retaliation by a preponderance of the evidence. It is Ms. Novak's burden to show that it is more likely so than not so that his/her engaging in protected activity was a substantial factor in the decision of Rite Aid to demote her, change the terms and conditions of her employment and constructively discharge her.