FILED
SEP 10  3 51 PM '04
U.S. DISTRICT...

# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | |
|---|---|
| SABINE R. NOVAK,<br>    Plaintiff | CIVIL ACTION |
| VS. | CASE NO. 3:02CV-1508 (MRK) |
| | NEW HAVEN, CT |
| RITE AID OF CONNECTICUT, INC.,<br>    Defendant. | |
| | SEPTEMBER 10, 2004 |

## DEFENDANT'S PROPOSED VERDICT FORM AND SPECIAL INTERROGATORIES

### Count One: claim under the Family and Medical Leave Act

1.  Did the plaintiff prove, by a preponderance of the evidence, that when the plaintiff returned from her maternity leave, Rite Aid refused to reinstate her in a position that was equivalent to the one she held when her maternity leave began?

    _____ Yes         _____ No

    [ If your answer is "no" then you need not answer the remaining questions on count one.]

2.  Did the defendant prove, by a preponderance of the evidence, that the company would have made the same decisions regarding the plaintiff's transfer, even if she had not taken maternity leave?

    _____ Yes         _____ No

    [If your answer is "yes" then you need not answer the remaining questions on count one.]

3.  What is the amount of damages that the plaintiff incurred, in form of wages and employment benefits from April 2, 2001 through today, as a result of Rite Aid's failure to reinstate her to an equivalent position?

$ _____

4.  What is the amount of wages and employment benefits that the plaintiff actually earned between April 2, 2001 and today?

$ _____

5.  What is the amount of wages and employment benefits that the plaintiff <u>could</u> have earned with reasonable effort, but failed to earn, between April 2, 2001 and today?

$ _____

6.  Did the defendant prove, by a preponderance of the evidence, that when Mr. Zasso offered her one or more alternative positions rather than reinstating her in her original job, he believed in good faith that his actions complied with the law?

_____ Yes          _____ No

2

### Counts Two and Three: race discrimination claims

1. Did the plaintiff prove, by a preponderance of the evidence, that Rite Aid's failure to reinstate her in her original position at the Torrington store constituted materially adverse treatment with respect to the terms, conditions, or privileges of her employment?

    _____ Yes            _____ No

[If your answer is "no" then you need not answer the remaining questions on these counts.]

2. Did the plaintiff prove, by a preponderance of the evidence, that her race was a motivating factor in Rite Aid's decision not to reinstate her in her original position in the Torrington store?

    _____ Yes            _____ No

[If your answer is "no" then you need not answer the remaining questions on these counts.]

3. Did the plaintiff prove, by a preponderance of the evidence, that the plaintiff should be awarded damages to compensate her for her loss of wages and benefits from April 2, 2001 through to today?

    _____ Yes            _____ No

If your answer is "yes," in what amount?    $ _____

3

4.   What is the amount of wages and employment benefits that the plaintiff actually earned between April 2, 2001 and today?

$ _____

5.   What is the amount of wages and employment benefits that the plaintiff <u>could</u> have earned with reasonable effort, but failed to earn, between April 2, 2001 and today?

$ _____

6.   Did the plaintiff prove, by a preponderance of the evidence, that she should be awarded damages to compensate her for emotional pain and anguish?

_____ Yes          _____ No

If your answer is "yes," in what amount? $ _____

4

## Count Four: sex discrimination claim

1.  Did the plaintiff prove, by a preponderance of the evidence, that Rite Aid's failure to reinstate her in her original position at the Torrington store constituted materially adverse treatment with respect to the terms, conditions, or privileges of her employment?

    _____ Yes          _____ No

    [If your answer is "no" then you need not answer the remaining questions on these counts.]

2.  Did the plaintiff prove, by a preponderance of the evidence, that her sex or pregnancy were motivating factors in Rite Aid's decision not to reinstate her in her original position in the Torrington store?

    _____ Yes          _____ No

    [If your answer is "no" then you need not answer the remaining questions on these counts.]

3.  Did the plaintiff prove, by a preponderance of the evidence, that the plaintiff should be awarded damages to compensate her for her loss of wages and benefits from April 2, 2001 through to today?

    _____ Yes          _____ No

    If your answer is "yes," in what amount?    $ _____

5

4.  What is the amount of wages and employment benefits that the plaintiff actually earned between April 2, 2001 and today?

$ _____

5.  What is the amount of wages and employment benefits that the plaintiff <u>could</u> have earned with reasonable effort, but failed to earn, between April 2, 2001 and today?

$ _____

6.  Did the plaintiff prove, by a preponderance of the evidence, that she should be awarded damages to compensate her for emotional pain and anguish?

_____ Yes          _____ No

If your answer is "yes," in what amount?  $ _____

### Count Five: retaliation claim

1. Did the plaintiff prove, by a preponderance of the evidence, that she engaged in legally protected conduct?

   _____ Yes                _____ No

2. Did the plaintiff prove, by a preponderance of the evidence, that Rite Aid knew that she had engaged in such protected conduct?

   _____ Yes                _____ No

3. Did the plaintiff prove, by a preponderance of the evidence, that she was subjected to materially adverse employment action after Rite Aid learned that the protected conduct took place?

   _____ Yes                _____ No

4. Did the plaintiff prove, by a preponderance of the evidence, that Rite Aid took materially adverse employment action against the plaintiff because of the plaintiff's protected conduct?

   _____ Yes                _____ No

   [If you answered "no" to any one of the preceding four questions, you need not answer the remaining questions on this count.]

5.  Did the plaintiff prove, by a preponderance of the evidence, that she sustained damages as a result of Rite Aid's conduct?

    _____ Yes             _____ No

If your answer is "yes," in what amount?    $ _____

### Counts Six and Seven: constructive discharge

1. Did the plaintiff prove, by a preponderance of the evidence, that Rite Aid intentionally made Plaintiff's working conditions intolerable?

   _____ Yes          _____ No

2. Did the plaintiff prove, by a preponderance of the evidence, that in making her working conditions intolerable, Rite Aid was illegally motivated by either her race or sex?

   _____ Yes          _____ No

3. Did the plaintiff prove, by a preponderance of the evidence, that Rite Aid either intended to force the plaintiff to resign, or that Rite Aid could have reasonably foreseen that she would resign as a result of its actions?

   _____ Yes          _____ No

   [If you answered "no" to any of the preceding three questions, then you need not answer the remaining questions on this count.]

4. Did the plaintiff prove, by a preponderance of the evidence, that she should be awarded damages to compensate her for her loss of wages and benefits from April 2, 2001 through to today?

   _____ Yes          _____ No

   If your answer is "yes," in what amount?   $ _____

9

5. What is the amount of wages and employment benefits that the plaintiff actually earned between April 2, 2001 and today?

$ _____

6. What is the amount of wages and employment benefits that the plaintiff <u>could</u> have earned with reasonable effort, but failed to earn, between April 2, 2001 and today?

$ _____

7. Did the plaintiff prove, by a preponderance of the evidence, that she should be awarded damages to compensate her for emotional pain and anguish?

_____ Yes          _____ No

If your answer is "yes," in what amount?  $ _____

THE DEFENDANT

By: *Diane C. Mokriski*
Diane C. Mokriski, Esq. (CT21114)
dmokriski@ofalaw.com
O'Connell, Flaherty & Attmore LLC
280 Trumbull Street
Hartford, CT 06103
Tel: 860.548.1300
Fax: 860.548.0023