UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| SABINE R. NOVAK,<br>Plaintiff : | CIVIL ACTION |
| VS. : | CASE NO. 3:02CV-1508 (MRK) |
| : | NEW HAVEN, CT |
| RITE AID OF CONNECTICUT, INC.,<br>Defendant. : | SEPTEMBER 10, 2004 |

### DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION IN LIMINE TO EXCLUDE PLAINTIFF'S TESTIMONY REGARDING DONNA SHERMAN

**I.      Introduction**

The Defendant, Rite Aid of Connecticut, Inc., anticipates that the Plaintiff will testify regarding alleged behavior of Donna Sherman in discarding employment applications submitted by minority candidates. This testimony should be excluded on the following grounds: (1) It is irrelevant to the Plaintiff's claim and therefore is not admissible pursuant to the Federal Rules of Evidence 401 and 402; or, alternatively (2) its probative value is substantially outweighed by the danger of unfair prejudice and confusion of the issues pursuant to Federal Rule of Evidence 403.

1

**II.    Factual Background**

The Plaintiff is a former employee of the Defendant, Rite Aid of Connecticut, Inc. ("Rite Aid"). She had been working as a salaried Assistant Manager in the Torrington, Connecticut store when she took a maternity leave of absence in January of 2001. The Plaintiff alleges that Rite Aid violated the plaintiff's rights under the Family and Medical Leave Act (FMLA) by failing to restore her to an equivalent position upon her return from maternity leave. The Plaintiff also claims that this alleged conduct violated Title VII, 42 U.S.C. § 1981, and the Connecticut Fair Employment Practices Act (CFEPA), in that it evidenced Rite Aid's intent to discriminate against the Plaintiff based on both her race (African American) and pregnancy.

Rite Aid contends that it complied with the FMLA when, upon Plaintiff's return from leave, it offered her an equivalent position as an Assistant Manager in the Waterbury, Connecticut store, with equivalent benefits, salary, and duties. Defendant maintains that the Plaintiff declined this offer, and instead accepted an alternative position as an hourly employee. The Defendant also asserts that it would have made the same employment decisions with regard to Plaintiff, regardless of her maternity leave. Defendant denies Plaintiff's claims of race and sex discrimination, arguing that its offer of two transfer options reflected nondiscriminatory business judgment based on the company's needs, and not the Plaintiff's race or sex.

At trial, it is expected that the Plaintiff will attempt to testify that, substantially before her maternity leave, she witnessed Donna Sherman, a manager, discard employment

2

applications submitted by minority candidates. Plaintiff claims that such "evidence" constitutes proof of her race discrimination claim. For the reasons set forth below, the court should exclude this irrelevant and prejudicial testimony.

### III.  Legal Argument

The purpose of a motion in limine is to allow the trial court to rule in advance on the admissibility and relevance of certain forecasted evidence. <u>Palmieri v. Defaria</u>, 88 F.3d 136, 141 (2d Cir. 1996); <u>Weiss v. La Suisse, Societe d'Assurances sur la Vie</u>, 293 F. Supp. 2d 397, 407 (S.D.N.Y. 2003); <u>Weschler v. Hunt Health Sys. Ltd.</u>, 2003 U.S. Dist. LEXIS 18424, *4 (S.D.N.Y. 2003). The Defendant contends that the Plaintiff's allegations pertaining to Donna Sherman are both irrelevant and prejudicial, and should be excluded from her trial testimony.

"Relevant evidence" means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence. Fed. R. Evid. 401. "Evidence which is not relevant is not admissible." Fed. R. Evid. 402. Relevant evidence may also be excluded if its probative value is substantially outweighed by the danger of unfair prejudice or confusion of the issues. Fed. R. Evid. 403. "The Court has an obligation. . . to admit only relevant evidence that is of consequence to the determination of the action. Moreover, even relevant evidence may be excluded if it is substantially outweighed by the risk of confusion of the issues or misleading the jury." <u>Applera Corp. v. MJ Research, Inc.</u>, 2004 U.S. Dist. LEXIS 1072, *4-5 (D. Conn. 2004).

3

In order to make out a prima facie case of discrimination under Title VII, the Plaintiff must show that she was "(1) a member of a protected class; (2) qualified for the job; (3) suffered an adverse employment action; and (4) the adverse employment action occurred under circumstances giving rise to an inference of discrimination." Diggs v. Town of Manchester, 303 F. Supp. 2d 163, 175 (D. Conn. 2004). Any testimony by the Plaintiff regarding Sherman's actions in discarding applications would not be relevant to prove any of the elements of discrimination under Title VII.

Even if a finder of fact were to determine that Ms. Novak's allegations were in fact true, such evidence would have no relevance for Ms. Novak's claims, and would cause severe prejudice to the defendant. See Haskell v. Kaman Corp., 743 F.2d 113, 120 (2d Cir. 1984) (ruling that discriminatory remarks made by the president of the defendant company should have been excluded on relevance grounds, as they bore no relationship to the issue of whether the plaintiff had been the victim of discrimination, and that there was a substantial likelihood that the testimony had unfairly prejudiced the defendant). Where the connection between a particular managerial official and the specific circumstances of the plaintiff's claims is absent, a motion in limine should be granted. See Sanders v. City of New York, 2001 U.S. Dist. LEXIS 20242, * 5-6 (S.D.N.Y. 2001) (granting the defendant's motion in limine to exclude testimony of managerial officials because their proposed testimony was unrelated to any facts of consequence to the determination of the action).

The Defendant anticipates that, to support her allegations of race discrimination, the Plaintiff will attempt to testify that her former supervisor, Donna Sherman, discarded

4

employment applications submitted by black candidates. (See Plaintiff's Complaint, paragraph 27). This evidence, however, even if true, has no relevance to Plaintiff's claims. Plaintiff contends that Jim Zasso, a district manager at Rite Aid, refused to reinstate her to her former position when she returned from maternity leave, and that his decision was motivated by her race. Plaintiff's allegations pertaining to Donna Sherman have no relationship to Mr. Zasso's alleged conduct, and the Plaintiff admits as much. At her deposition, the Plaintiff was asked, "What does the allegation about Donna Sherman throwing out applications, what does that have to do with your complaint against Rite Aid?" Plaintiff's response was, "Well, it is discrimination. It's discrimination, isn't it? I mean, I'm not saying that has – any part of that has to do with my complaint. I'm just saying that's part of what I've seen go on in Rite Aid." (See Plaintiff's deposition transcript at 56, attached hereto as Exhibit A).

The alleged conduct by Donna Sherman took place at some unknown time long before the Plaintiff ever took her maternity leave, and long before her race discrimination claim arose. (See Plaintiff's deposition transcript at 56: "Q: And this, what we are talking about with throwing out the applications, this is prior to your maternity leave obviously, right? A: This is way before my maternity leave.") Ms. Novak also testified that she had no idea if Ms. Sherman had any input in the decision to transfer her. (See Plaintiff's deposition transcript at 57). In short, Ms. Sherman's alleged conduct in discarding employment applications had absolutely no adverse impact on the Plaintiff's employment at Rite Aid.

Plaintiff's anticipated testimony is not only irrelevant, but is also highly inflammatory, and is likely to confuse the jury as to the issues in this case. An inference that Sherman's

5

attitudes were somehow related to the Plaintiff's transfer would be completely speculative, and to refute it, the Defendant would have to spend time introducing evidence that would be equally immaterial to the facts that are in dispute, all of which would lead the trier away from the matters truly at issue.

As Plaintiff's anticipated testimony regarding Donna Sherman is both irrelevant and prejudicial, it should be excluded from Plaintiff's testimony at trial.

THE DEFENDANT,<br>
RITE AID OF CONNECTICUT, INC.<br><br>
By: <i>Diane C. Mokriski</i><br>
Diane C. Mokriski (CT21114)<br>
O'Connell, Flaherty & Attmore, LLC<br>
280 Trumbull Street<br>
Hartford, CT 06103-3598<br>
(860) 548-1300 – phone<br>
(860) 548-0023 - fax

## CERTIFICATE OF SERVICE

This is to certify that a true copy of the foregoing was sent via facsimile on this 10th day of September, 2004 to the following counsel of record:

Rachel M. Baird
Law Office of Rachel M. Baird
379 Prospect Street
Torrington, CT 06790-5239


_____
Diane C. Mokriski